UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Theresa D'Jamoos, as Executrix of
the Estate of Dawn Weingroff, et al.,
    Plaintiffs

    v.                                               Civil No. 08-cv-108-SM
                                                      Opinion No. 2008 DNH 203

Atlas Aircraft Center, Inc. and
Pilatus Aircraft, Ltd.,
    Defendants


**O R D E R**


This product liability and negligence action arises out of an accident involving a Pilatus PC-12 aircraft. In March of 2005, after taking off from Naples, Florida, the plane crashed in State College, Pennsylvania, during an instrument landing approach. All six people on board were killed. The plane had been based in Rhode Island and all six passengers were residents of Rhode Island. The plaintiffs – the estates of the six victims – have named as defendants Atlas Aircraft Center, Inc. ("Atlas"), a New Hampshire corporation with its principal place of business in Manchester, New Hampshire, and Pilatus Aircraft, Ltd. ("Pilatus), a Swiss corporation.

The PC-12 is a single-engine turbo-prop aircraft. Pilatus says, and plaintiffs do not dispute, that it manufactured the PC-12 at issue in Switzerland in 1999 and sold it in Europe to a

French buyer. After several intervening resales, the aircraft was finally purchased by a Rhode Island limited liability company and transported to the United States in 2003. Pilatus now moves to dismiss all of plaintiffs' claims, asserting that it has insufficient contacts with the State of New Hampshire for this court to properly exercise personal jurisdiction over it. In response, plaintiffs move the court to permit them to engage in limited discovery, aimed at determining the nature and extent of Pilatus's contacts with this forum.

## Discussion

As this court (Muirhead, M.J.) has previously held, under certain circumstances, plaintiffs are entitled to limited jurisdictional discovery before responding to a motion to dismiss.

> Under First Circuit law, if defendants move to dismiss for lack of personal jurisdiction, plaintiffs may be entitled to a "modicum of jurisdictional discovery" to establish facts that demonstrate why jurisdiction may properly be exercised over defendants. See Negron-Torres v. Verizon Commc'ns. Inc., 478 F.3d 19, 27 (1st Cir. 2007); see also Fed. R. Civ. P. 12(b)(2).
>
> * * *
>
> It is within the trial court's discretion whether or not to grant plaintiffs' motion for jurisdictional discovery. See U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir.2001) (explaining the district court's broad discretion). The motion must be "timely and properly supported," must proffer a "colorable claim" for jurisdiction, and must "present facts to the

2

> court which show why jurisdiction would be found if discovery were permitted." Id. at 625, 626. Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any "'additional pertinent avenues of inquiry' that [they] hope[ ] to pursue." Id. at 626 (quoting Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 (1st Cir.1973)). "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." Id. (citing Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir.1992)).

Nordica USA Corp. v. Ole Sorensen, 475 F. Supp.2d 128, 133–34 (D.N.H. 2007) (Muirhead, M.J.). See also Clearview Software Int'l v. Ware, 2008 DNH 182 (D.N.H. Sept. 30, 2008).

Here, plaintiffs originally requested such discovery before Pilatus responded to the complaint, but that motion was denied, without prejudice, as premature. In response to Pilatus's motion to dismiss for lack of personal jurisdiction, plaintiffs renewed their motion. The request for jurisdictional discovery is, then, timely. See, e.g., Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139-40 (1st Cir. 2006).

The next question is whether plaintiffs have properly supported their request with a "colorable claim" that, if discovery is permitted, it will likely reveal facts sufficient to permit the court to properly exercise personal jurisdiction over Pilatus. They have.

Among other things, plaintiffs allege that Atlas inspected, tested, certified, and serviced the Pilatus PC-12 at issue in this case. And, say plaintiffs, Pilatus negligently provided Atlas with "Service Bulletins, maintenance instructions, and other specifications for maintenance and inspection of the subject aircraft" and failed "to provide adequate warnings relating thereto." Amended complaint, para. 50. In short, plaintiffs allege that Pilatus committed a tort in the State of New Hampshire and, therefore, assert that this court may properly exercise personal jurisdiction over it.

Plaintiffs also say that Atlas and Pilatus are in exclusive possession of documentation that will demonstrate the scope of Pilatus's contacts with, and business in, this forum. Based upon information currently available to them, plaintiffs assert that: (1) the largest flying fleet of Pilatus PC-12 aircraft in the world is located in New Hampshire and operated by Alpha Flying, Inc.; (2) Alpha Flying, Inc. expects to purchase an additional twenty-five PC-12 Pilatus aircraft by the year 2010; (3) presently, there are at least 30 Pilatus aircraft registered in New Hampshire to New Hampshire owners or operators; (4) until February of 2008, Atlas operated as the exclusive Pilatus aircraft maintenance service center and Pilatus aircraft sales distribution center in New England, New York, New Jersey,

Delaware, and Michigan for the Pilatus PC-12; (5) Pilatus's records reveal the existence of 125 subscriptions to Pilatus technical publications, including Service Bulletins, with addresses in New Hampshire; (6) Atlas ordered 107 of those subscriptions in 2008, which were delivered in New Hampshire; and (7) while most parts shipped to New Hampshire are routed through Pilatus's wholly-owned subsidiary in Colorado, plaintiffs believe that Pilatus ships some parts directly from Switzerland to New Hampshire.  Plaintiffs' memorandum in support of jurisdictional discovery (document no. 37-2) at 6-8.

In light of the foregoing, plaintiffs say it is not unreasonable for them to think that Pilatus maintains (and has maintained) sufficient contacts with the State of New Hampshire to warrant the exercise of personal jurisdiction over it.  And, they go on to assert that they reasonably expect jurisdictional discovery will lead to the unearthing of facts that reveal: (1) Pilatus derives substantial revenue from the sale of its aircraft in New Hampshire; (2) prior to February of 2008, Atlas was Pilatus's exclusive sales and service agent for PC-12 aircraft in the New England region and, after that date, Pilatus directly coordinated the sale and marketing of its aircraft in New Hampshire; (3) Pilatus, either directly or through its wholly-owned United States subsidiary, Pilatus USA, ships a high volume

of aircraft, component parts, service manuals and bulletins, aircraft literature, and sales information into New Hampshire; and (4) the technical publications Pilatus sent directly to Atlas (in New Hampshire) include the bulletins and technical manuals that plaintiffs allege are defective and incomplete.

## Conclusion

In light of the showing made by plaintiffs, the court, in the exercise of its discretion, concludes that they should be afforded a limited opportunity to engage in jurisdictional discovery.  Accordingly, plaintiffs' motion (document no. 37) is granted.  On or before January 23, 2009, plaintiffs shall complete discovery limited to whether the court may properly exercise personal jurisdiction over Pilatus.  If, based upon that discovery, plaintiffs believe there is a good faith basis upon which to object to Pilatus's motion to dismiss, they shall do so on or before February 27, 2009.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 25, 2008

```
cc:   Jeffrey Baltruzak
      Julie L. Belanger, Esq.
      Bruce J. Berman, Esq.
      Mark B. Decof
      Patrick T. Jones, Esq.
      William J. Katt, Esq.
      Howard B. Klein, Esq.
      Garry R. Lane, Esq.
      Michael P. Lehman, Esq.
      Danial A. Nelson, Esq.
      Jeffrey A. Rossman, Esq.
      Peter J. Schneider, Esq.
      Anthony Tarricone, Esq.
      Thomas R. Watson, Esq.
      Corey J. Wright
```