UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Theresa D'Jamoos, as Executrix of</u>
<u>the Estate of Dawn Weingeroff, et al.</u>,
    Plaintiffs

    v.                           Civil No. 08-cv-108-SM
                                      Opinion No. 2009 DNH 170
<u>Atlas Aircraft Center, Inc. and</u>
<u>Pilatus Aircraft, Ltd.</u>,
    Defendants

## **O R D E R**

In March of 2005, a Pilatus PC-12 aircraft that had taken
off from Naples, Florida, crashed in State College, Pennsylvania,
during an instrument landing approach.  All six people on board
died.  This product liability and negligence action arises out of
that accident.  Plaintiffs invoke this court's diversity subject
matter jurisdiction over their state law claims.  <u>See</u> 28 U.S.C. §
1332.

The plane was based in Rhode Island and those on board were
residents of Rhode Island.  The plaintiffs – the estates of the
six victims – have named as defendants Atlas Aircraft Center,
Inc. ("Atlas"), a New Hampshire corporation, and Pilatus
Aircraft, Ltd. ("Pilatus"), a Swiss corporation.  Pilatus moves
to dismiss all of plaintiffs' claims, asserting that it has

insufficient contacts with the State of New Hampshire to support this court's exercise of personal jurisdiction over it. Plaintiffs, as well as Pilatus's co-defendant, Atlas, object.

For the reasons set forth below, Pilatus's motion to dismiss for lack of personal jurisdiction is denied, as is its motion to dismiss in favor of first-filed action.

## Standard of Review

A.   Personal Jurisdiction: Statutory and Constitutional Prerequisites.

It is well established that when this court's diversity subject matter jurisdiction is invoked, personal jurisdiction over a nonresident defendant is determined, at least in part, by the forum state's long-arm statute.  See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 690 (1st Cir. 1993).  When personal jurisdiction is contested, the plaintiff bears the burden of establishing that the court has such jurisdiction.  See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986).

Allegations of jurisdictional facts are construed in the plaintiff's favor, <u>see</u> <u>Buckley v. Bourdon</u>, 682 F. Supp. 95, 98 (D.N.H. 1988), and, if the court proceeds based upon the written submissions of the parties without an evidentiary hearing, the plaintiff need only make a <u>prima</u> <u>facie</u> showing that jurisdiction exists.  <u>See</u> <u>Kowalski</u>, 787 F.2d at 8; <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 674-75 (1st Cir. 1992).  Nevertheless, to defeat a motion to dismiss, plaintiff's demonstration of personal jurisdiction must be based on specific facts set forth in the record.  <u>See</u> <u>TicketMaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994); <u>Negron-Torres v. Verizon Communications, Inc.</u>, 478 F.3d 19, 23 (1st Cir. 2007).  And, "[i]n reviewing the record before it, a court 'may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment.'"  <u>VDI Technologies v. Price</u>, 781 F. Supp. 85, 87 (D.N.H. 1991) (quoting <u>Lex Computer & Management Corp. v. Eslinger & Pelton, P.C.</u>, 676 F. Supp. 399, 402 (D.N.H. 1987));  <u>see also</u> <u>Gar-Tec Products</u>, 967 F.2d at 675-76.

Before a court may exercise personal jurisdiction over a non-resident defendant, the plaintiff must show, first, that the forum state's long-arm statute confers jurisdiction over the

defendant, and second, that the exercise of jurisdiction comports with constitutional due process standards (by establishing that the defendant has sufficient "minimum contacts" with the forum state).  See Kowalski, 787 F.2d at 9-10.  New Hampshire's individual long-arm statute, N.H. Rev. Stat. Ann. ("RSA") 510:4, extends personal jurisdiction over foreign defendants "to the full extent that the statutory language and due process will allow."  Phelps v. Kingston, 130 N.H. 166, 171 (1987).  Likewise, New Hampshire's corporate long-arm statute, RSA 293-A:15.10, authorizes jurisdiction over foreign corporations and unregistered professional associations to the full extent permitted by federal law.  See Sawtelle, 70 F.3d at 1388.  Stated another way, New Hampshire's individual and corporate long-arm statutes reach as far as the due process protection afforded by the federal constitution will allow.  Accordingly, the court need only determine whether the exercise of personal jurisdiction over a foreign defendant would comport with federal constitutional guarantees.

     To exercise personal jurisdiction over a foreign defendant in a manner consistent with the Constitution, the plaintiff must demonstrate that the defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."
Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408,
414 (1984) (citation and internal punctuation omitted).  And, to
conclude that a defendant has such "minimum contacts," the court
must first be satisfied that the defendant's conduct bears such a
"substantial connection with the forum State" that the defendant
"should reasonably anticipate being haled into court there."
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985)
(citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297
(1980)).


B.   General v. Specific Jurisdiction.

     A court may exercise either general or specific personal
jurisdiction over a defendant.  "General jurisdiction exists when
the litigation is not directly founded on the defendant's forum-
based contacts, but the defendant has nevertheless engaged in
continuous and systematic activity, unrelated to the suit, in the
forum state."  United Elec. Workers v. 163 Pleasant St. Corp.,
960 F.2d 1080, 1088 (1st Cir. 1992); see also Negron-Torres, 478
F.3d at 25.  Specific personal jurisdiction, on the other hand,
exists when the plaintiff's cause of action arises directly out
of, or relates to, the defendant's forum-based contacts.  United
Elec. Workers, 960 F.2d at 1088-89.

5

In an effort to assist trial courts in determining whether they may properly exercise specific personal jurisdiction, the Court of Appeals formulated a three-part test:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id. at 1089; see also Negron-Torres, 478 F.3d at 24.  An affirmative finding as to each of those three elements – relatedness, purposeful availment, and reasonableness – is necessary to support the court's exercise of specific personal jurisdiction over a defendant.  See Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

With those principles in mind, the court turns to Pilatus's motion to dismiss.

## Background

The PC-12 is a single-engine turbo-prop aircraft.  Pilatus manufactured the PC-12 at issue in Switzerland in 1999 and sold

it in Europe to a French buyer.  Following several intervening resales, the aircraft was purchased by a Rhode Island limited liability company and, in 2003, it was transported to the United States.  According to plaintiffs, Atlas then inspected, serviced, and maintained the aircraft on a continuous basis prior to March 26, 2005 (the date of the crash).

Plaintiffs advance two causes of action against Pilatus, which, reduced to their essence, allege the following:

1.   Pilatus negligently designed, manufactured, and tested the Pilatus PC-12 model aircraft – conduct (and/or omissions) that proximately caused the fatal crash (the "Defective Aircraft Claim").

2.   Pilatus produced, sold, and otherwise distributed deficient maintenance manuals and specifications for the inspection and maintenance of the PC-12 and the procedures described in those manuals were followed, which proximately caused the fatal crash (the "Service Manuals Claim").

And, say plaintiffs, Pilatus has sufficient contacts with this forum to warrant the exercise of both general and specific personal jurisdiction over it.  Pilatus disagrees.

**Discussion**

I.    <u>General Jurisdiction</u>.

Although plaintiffs (and Defendant Atlas) assert that the court may properly exercise general personal jurisdiction over Pilatus, they have failed to demonstrate that Pilatus has engaged in <u>continuous</u> <u>and</u> <u>systematic</u> activity, unrelated to the suit, in this forum.  <u>See, e.g.</u>, <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, 2008 WL 1902193 at *8–9 (E.D. Pa. April 30, 2008) (concluding, under similar factual circumstances, that that court lacked general personal jurisdiction over Pilatus), vacated in part on other grounds, 566 F.3d 94 (3d Cir. 2009).[1]  <u>See also</u> <u>Platten v. HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 138 (1st Cir. 2006) ("The standard for evaluating whether defendants' alleged contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions.") (citation and internal punctuation omitted).

---

[1]    Plaintiffs originally sued Pilatus in the United States District Court for the Eastern District of Pennsylvania.  But, when it appeared that that court might not have personal jurisdiction over Pilatus, plaintiffs' added Pilatus as a defendant in this case.  For a relatively brief period, then, there was parallel litigation in this forum and Pennsylvania.  As noted below, however, the Pennsylvania action against Pilatus has since been transferred to the District of Colorado.

Most of the forum-based activity to which plaintiffs point was not carried out directly by Pilatus.  Instead, it was performed by its wholly-owned, Colorado-based subsidiary, Pilatus Business Aircraft, Ltd. ("PBAL").  And, neither plaintiffs nor Atlas has attempted to demonstrate that the court may properly exercise personal jurisdiction over Pilatus based upon the forum contacts of PBAL (e.g., they have not attempted to show that PBAL is a sham corporation, or an alter ego of Pilatus, or an agent of Pilatus).  See, e.g., Andresen v. Diorio, 349 F.3d 8, 12 (1st Cir. 2003); Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990).  As the District Court for the District of Massachusetts has observed:

> The First Circuit Court of Appeals has indicated that personal jurisdiction over parent companies "invariably" depends upon the finding of a "plus" factor, "something beyond the subsidiary's mere presence within the bosom of the corporate family."  A plus factor of that sort exists 1) where the association between parent and subsidiary demonstrates an agency relationship between the two, 2) where the exercise of control by the parent over the subsidiary goes beyond that "degree of control innately inherent in the family relationship" or 3) where the subsidiary is "merely an empty shell."  In all such cases, the parent's relationship to the subsidiary implies that it has availed itself of the benefits of the forum state where the subsidiary is subject to personal jurisdiction.

<u>Ruiz v. Bally Total Fitness Holding Corp.</u>, 447 F. Supp. 2d 23, 27
(D. Mass. 2006) (citing <u>Donatelli</u>, 893 F.2d at 465–66); <u>see also</u>
<u>Platten</u>, 437 F.3d at 139 ("The bar is set even higher in a case
like this one, in which plaintiffs seek to disregard the
corporate form.  The mere fact that a subsidiary company does
business within a state does not confer jurisdiction over its
nonresident parent, even if the parent is sole owner of the
subsidiary.  There is a presumption of corporate separateness
that must be overcome by clear evidence.") (citations and
internal punctuation omitted).


     Here, beyond merely identifying PBAL's substantial forum
contacts, plaintiffs have not attempted to establish the
existence of the "plus" factor identified by the court of appeals
nor, necessarily, have they borne their burden of overcoming the
presumption of corporate separateness by clear evidence.


II.  <u>Specific Jurisdiction</u>.

     A.   The Service Manuals Claim.

     Plaintiffs have, however, adequately demonstrated that the
court may properly exercise <u>specific</u> personal jurisdiction over
Pilatus (at least as to the Service Manuals Claim).  Among other
things, the parties' jurisdictional discovery has revealed that

Pilatus sold more than 300 maintenance manuals, service bulletins, and other technical documents directly to Atlas, with knowledge that Atlas was using those documents to perform required annual and 100-hour inspections on at least some of the many PC-12 aircraft hangered in this state.[2]  Such purposeful business-related contacts with this forum are sufficient for this court to exercise specific personal jurisdiction over Pilatus consistent with the requirements of due process.  Stated somewhat differently, consideration of each of the relevant factors – relatedness, purposeful availment, and reasonableness – counsels in favor of the exercise of specific personal jurisdiction over Pilatus with respect to the Service Manuals Claim.

    First, plaintiffs' claims against Pilatus relate to, and arise directly out of, Pilatus's sale of the maintenance manuals and service bulletins in this forum.  See, e.g., Amended Complaint at paras. 50(e) & (f) (alleging that Pilatus "negligently provid[ed] maintenance specifications for the inspection and maintenance of the airframe fuel filter and fail[ed] to provide adequate warnings relating thereto" and

---

[2]    According to plaintiffs, "[t]he largest flying fleet of Pilatus PC-12 aircraft in the world is located in New Hampshire." Plaintiffs' memorandum in support of jurisdictional discovery (document no. 37) at 6.

"negligently provid[ed] Service Bulletins, maintenance
instructions, and other specifications for maintenance and
inspection of the subject aircraft, and fail[ed] to provide
adequate warnings relating thereto").  Here, the relationship
between plaintiffs' Service Manuals Claim and Pilatus's sale of
those allegedly defective service and maintenance manuals in this
forum is neither attenuated nor indirect.  <u>See</u> <u>United Elec.</u>
<u>Workers</u>, 960 F.2d at 1089.  Rather, Pilatus's sale of those
manuals to Atlas forms an "important, or at least material,
element of proof in the plaintiffs' case," <u>id</u>. (citation and
internal punctuation omitted) because Atlas allegedly relied upon
those materials when servicing the PC-12 at issue in this case.
<u>See generally</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 60-61 (1st
Cir. 2005).

     Next, by selling those maintenance manuals and service
bulletins directly to Atlas, Pilatus purposefully availed itself
of the privilege of conducting business activities in this forum.
"The function of the purposeful availment requirement is to
assure that personal jurisdiction is not premised solely upon a
defendant's 'random, isolated, or fortuitous' contacts with the
forum state."  <u>Sawtelle</u>, 70 F.3d at 1391 (quoting <u>Keeton v.</u>
<u>Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984)).  Here,

Pilatus's sales of maintenance and service manuals in the state of New Hampshire were not random, isolated, or fortuitous. Rather, they were knowing and purposeful.  According to the record, Pilatus made such sales nearly every month from at least April of 2003 through February of 2008.  Under those circumstances, Pilatus's contacts with this forum were both direct and voluntary.  And, Pilatus certainly could have foreseen that, should there be a liability claim arising from alleged defects in one or more of those manuals, it would likely be haled into court in this forum.  See Ticketmaster, 26 F.3d at 207 (describing "voluntariness" and "foreseeability" as the "cornerstones of purposeful availment").

Finally, the exercise of personal jurisdiction over Pilatus – at least as to plaintiffs' Service Manuals Claim – would be both fair and reasonable in light of the so-called "gestalt factors."  Those factors are: (1) the burden on defendant to appear in the forum; (2) the interests of the forum state in adjudicating the plaintiff's claims; (3) the convenience of the plaintiff; (4) the interests of the judicial system in the effective and efficient administration of justice; and (4) the "common interests of all sovereigns in promoting substantive social policies."  Sawtelle, 70 F.3d at 1395.

13

While defending against plaintiffs' claims in this forum is, to some extent, burdensome, Pilatus has not shown any "special or unusual burden." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). This is particularly true since, eventually, Pilatus will have to defend against plaintiffs' claims in some forum in this country, whether it be New Hampshire or Colorado. See D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 108 (3d Cir. 2009) ("[Plaintiffs] have made a prima facie showing that, given Pilatus's direct contacts within Colorado, the exercise of general jurisdiction over Pilatus in Colorado would comport with due process.").[3]

As for New Hampshire's interest in providing a judicial forum for the parties' dispute, the court of appeals has noted that a state has a "demonstrable interest in exercising jurisdiction over one who causes tortious injury within its

---

[3]     Unless overturned by the Supreme Court, that decision is law of the case and, therefore, binding on the parties and the district court in Colorado. See D'Jamoos, 566 F.3d at 111 ("[W]e point out that by characterizing our jurisdictional finding as 'prima facie,' we do not suggest that our decision is tentative or preliminary. Rather, if the District Court determines on remand that a transfer is in the interest of justice and transfers the case to the District of Colorado, we believe that the Colorado court will be bound by our prima facie finding of personal jurisdiction insofar as that ruling will be law of the case.") (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816–17 (1988)).

borders." <u>Ticketmaster</u>, 26 F.3d at 211.  Additionally, the court
of appeals "has repeatedly observed that a plaintiff's choice of
forum must be accorded a degree of deference with respect to the
issue of its own convenience." <u>Sawtelle</u> 70 F.3d at 1395.  Here,
given the fact that one of the defendants – Atlas – resides in
New Hampshire, it certainly makes sense that plaintiffs would
prefer to litigate their negligence and product liability claims
here (given, for example, the presence of relevant witnesses,
documents, etc.).

Finally, it is difficult to say that the "common interests
of all sovereigns in promoting social policies" weighs heavily
either in favor of, or against, this court's exercise of personal
jurisdiction over Pilatus.  But, because substantial discovery
has already taken place in this forum, and because one of the
defendants resides in this state (along with many of its
employees, some of whom are likely to be witnesses), the
interests of judicial economy and efficiency counsel in favor of
the exercise of personal jurisdiction over Pilatus – again, at
least as to plaintiffs' Service Manuals Claim.

B.   The Defective Aircraft Claim.

Because plaintiffs must demonstrate that the court has personal jurisdiction over Pilatus as to each of their claims, it is appropriate to consider whether there is an independent basis to exercise specific personal jurisdiction over Pilatus with respect to the Defective Aircraft Claim.  See generally Phillips Exeter Academy, 196 F.3d at 289 ("We commend the lower court's decision to analyze the contract and tort claims discretely. Questions of specific jurisdiction are always tied to the particular claims asserted.").

Here, for largely the same reasons expressed by the Court of Appeals for the Third Circuit, the court concludes that if plaintiffs' Defective Aircraft Claim were standing alone, the court would lack specific personal jurisdiction over Pilatus. See D'Jamoos, 566 F.3d at 103-06.  In short, plaintiffs' claim that Pilatus defectively designed and manufactured (in Europe) the PC-12 aircraft at issue in this case does not "directly arise out of, or relate to, [Pilatus's] forum-state activities." United Elec. Workers, 960 F.2d at 1089.  As the Court of Appeals for the Third Circuit observed with respect to personal jurisdiction in Pennsylvania:

> The record before us conclusively establishes that
> Pilatus's direct contacts within Pennsylvania are quite
> limited . . . .  Although Pilatus designed and
> manufactured the subject aircraft, it did so in
> Switzerland and then sold the plane in Europe.  The
> aircraft later reached the United States via a series
> of third-party resales in which Pilatus was not
> involved, only arriving in Pennsylvania because it was
> making a stopover on an interstate flight.  Pilatus did
> not profit from activities in Pennsylvania as a result
> of the aircraft's initial sale or resales.  And
> although a small number of Pilatus's PC-12s are based
> in Pennsylvania, there is no record evidence indicating
> how those planes reached Pennsylvania.  Certainly, we
> have no basis to believe that Pilatus sent the planes
> to Pennsylvania.

D'Jamoos, 566 F.3d at 103 (footnote omitted).  Virtually the same

facts and legal analysis apply with regard to Pilatus's contacts

with New Hampshire.  The only distinction is that Pilatus

regularly sent the service and maintenance manuals discussed

above to Atlas.  Those contacts with this forum are, however,

unrelated to plaintiffs' claim that Pilatus designed,

manufactured, and sold a defective aircraft.


III. Pendent Personal Jurisdiction.

     The doctrine of pendent personal jurisdiction (at least as

it applies in diversity cases) essentially provides that "where a

plaintiff has established jurisdiction over a non-resident

defendant with respect to one state law cause of action, the

court[] . . . will exercise jurisdiction over that defendant with

17

respect to related state claims" that would not, on their own, support personal jurisdiction. <u>Val Leasing, Inc. v. Hutson</u>, 674 F. Supp. 53, 56 (D. Mass. 1987). <u>See also</u> <u>Anderson v. Century Prods. Co.</u>, 943 F. Supp. 137, 145 (D.N.H. 1996) (court exercised pendent personal jurisdiction with respect to contract claim after concluding that it had personal jurisdiction over defendant as to plaintiff's tort claims); <u>Action Embroidery Corp. v. Atlantic Embroidery, Inc.</u>, 368 F.3d 1174, 1181 (9th Cir. 2004) ("When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts.  We believe that judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties is best served by adopting this doctrine."); <u>United States v. Botefuhr</u>, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[T]he majority of federal district courts and every circuit court of appeals to address the question have upheld the application of pendent personal jurisdiction, and we see no reason why, in certain situations, the assertion of pendent personal jurisdiction would be inappropriate.") (citations omitted).

Professors Wright and Miller summarized the doctrine of pendent personal jurisdiction as follows:

> [T]he pendent personal jurisdiction doctrine in both
> the diversity and federal question contexts is best
> articulated as follows: a district court has discretion
> to exercise personal jurisdiction over a claim that it
> ordinarily lacks personal jurisdiction over only when
> that claim arises out of the same common nucleus of
> operative fact as does a claim that is within the in
> personam jurisdiction power of the court. . . Under
> this description of the doctrine, a district court may
> not reach beyond the forum state's long-arm statute
> merely because doing so would promote efficiency.  The
> court first must find that the additional claim is
> within the same common nucleus of operative fact as a
> claim that already falls within the ambit of the forum
> state's long-arm statute.

4A C.A. Wright & M.K. Miller, Federal Practice and Procedure

§ 1069.7 (2d ed. 1995).


In the exercise of its discretion, the court concludes that

it is appropriate to apply that doctrine in this case.  Because

both of plaintiffs' claims against Pilatus arise out of the same

common nucleus of operative fact, the court may properly exercise

personal jurisdiction over Pilatus as to the Defective Aircraft

Claim.  Both claims — the Defective Aircraft Claim and the

Service Manuals Claim — arise from the crash of the Pilatus

aircraft in Pennsylvania.  By virtue of having personal

jurisdiction over Pilatus with regard to the Service Manuals

Claim, the court may properly exercise personal jurisdiction over

Pilatus as to any remaining related claims.

IV.  <u>Pilatus's Motion to Dismiss First-Filed Action</u>.

As noted above, the United States District Court for the Eastern District of Pennsylvania – the court in which plaintiffs' filed virtually identical claims against Pilatus – recently transferred those claims to the United States District Court for the District of Colorado.  <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, Case no. 07-1153 (E.D. Pa. Oct. 1, 2009).  <u>See generally</u> 28 U.S.C. § 1631.  In the wake of that transfer, Pilatus has filed a motion to dismiss this action in favor of the "first-filed" action now pending in Colorado.

Plaintiffs object and, in response, say: (1) they have consistently made clear their intention to litigate their claims against Pilatus in a single forum; (2) they would prefer to litigate those claims in New Hampshire, given the fact that they are already litigating claims against Atlas here and because it is reasonably close to Rhode Island – the state in which the plaintiffs reside; and (3) "[s]hould this Court rule that it has personal jurisdiction over Pilatus, the plaintiffs will immediately dismiss their claims against Pilatus in Colorado." Plaintiff's memorandum (document no. 74) at 2.

The judicial opinions (and the legal treatise) upon which Pilatus relies in support of its motion to dismiss are not on point.  In those cases, the so-called "first-filed rule" arose when, after a plaintiff had sued a defendant in a particular forum, that defendant subsequently sued the plaintiff in a different forum.  The question then arose as to whether the two related cases should be consolidated and, if so, in which forum.  See TPM Holdings, Inc. v. Intra-Gold Indus., 91 F.3d 1 (1st Cir. 1996); Cianbro Corp v. Curran-Lavoie, Inc., 814 F.2d 7 (1st Cir. 1987).  See also James Moore, Moore's Federal Practice § 111.13[1][o] (2009) ("If two actions involving the same parties and identical issues ('mirror image' actions) are pending in different districts, whether filed in those courts originally or removed there, competing motions to dismiss or transfer to the other district frequently are made in both actions.  In general, under the 'first-filed rule,' the first-filed action will be given priority and be allowed to proceed in favor of the later action, unless convenience or other special circumstances dictate departure from the rule.") (footnotes omitted) (emphasis supplied).

Here, however, both this case and the one that was recently transferred to Colorado were filed by the estates of the six

victims of the crash.  And, those plaintiffs have expressed a
preference to litigate their claims against Pilatus in this forum
(along with their claims against Atlas).  They have also stated
that if this court concludes that it may properly exercise
personal jurisdiction over Pilatus (which it has), then they will
dismiss the identical claims currently pending in Colorado.

Given the somewhat unusual facts of this case, the
plaintiffs' preference for litigating their claims in this forum,
and the fact that plaintiffs are already litigating claims
arising out of the crash in this forum against another defendant,
dismissing or transferring their claims against Pilatus to
Colorado would not represent an efficient use of judicial
resources.  It would, however, cause the parties to unnecessarily
incur substantial additional legal fees and would likely impose
an unnecessary burden on at least some of the potential witnesses
in this proceeding (many of whom presumably live in New Hampshire
and Rhode Island).

Accordingly, in the exercise of its discretion, the court
declines Pilatus's invitation to dismiss this case (or transfer
it to the United States District Court for the District of
Colorado for consolidation with the pending case in that forum).

## Conclusion

Plaintiffs have carried their burden of demonstrating that the court may, consistent with principles of due process and fundamental fairness, exercise personal jurisdiction over the defendant, Pilatus Aircraft, Ltd.  Accordingly, Pilatus's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (document no. 50) is denied.  And, for the reasons discussed above, as well as those set forth in plaintiffs' memorandum (document no. 74), Pilatus's motion to dismiss in favor of first-filed action (document no. 71) is denied.

Plaintiffs' motion to strike (document no. 77), and their motion to file a seven page reply brief (document no. 82) are denied as moot.

   **SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 9, 2009

cc:  Anthony Tarricone, Esq.
     Danial A. Nelson, Esq.
     Patrick T. Jones, Esq.
     Thomas R. Watson, Esq.
     Howard B. Klein, Esq.
     Mark B. Decof, Esq.

Peter J. Schneider, Esq.
Corey J. Wright, Esq.
Julie L. Belanger, Esq.
Michael P. Lehman, Esq.
William J. Katt, Esq.
Bruce J. Berman, Esq.
Jeffrey Baltruzak, Esq.
Jeffrey A. Rossman, Esq.
Garry R. Lane, Esq.